# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| MARK N. AWDYKOWYZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  24-1645C |
| v. | ) | (Filed: February 18, 2025) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jeffery C. King, Law Office of Jeffery King, PLLC, Dallas, Tex., for Plaintiff.

Stephen J. Smith, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were Eric P. Bruskin, Assistant Director, and Patricia M. McCarthy, Director, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge.**

Plaintiff in this military retirement case, Mark N. Awdykowyz, served in the United States Army, achieving the rank of major (0-4). In 2013, he voluntarily retired. During his retirement processing, the Army reviewed Mr. Awdykowyz's service, including an instance of misconduct, and decided to reduce his rank at retirement to captain (0-3E). Mr. Awdykowyz challenges the Army's decision.

The government moves to dismiss Mr. Awdykowyz's complaint. It contends that he filed his lawsuit long after the six-year period for doing so had expired and that this Court therefore lacks subject-matter jurisdiction over the complaint. The Court agrees. The government's motion is **GRANTED**, and the complaint is **DISMISSED**.

## BACKGROUND

### I.     Mr. Awdykowyz's Military Service

The following summary of Mr. Awdykowyz's military service is taken from the allegations in his complaint. The Court accepts those allegations as true for the purpose of determining whether it has jurisdiction over the complaint. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Mr. Awdykowyz began his military service in 1972. Compl. ¶ 7, ECF No. 1. He served in the Army and its reserve force as an enlisted soldier and a commissioned officer on both active and inactive duty. Id. During his service, he rose to the rank of major (0-4). Id. ¶ 8.

At one point after becoming a major, the Army investigated Mr. Awdykowyz for alleged misconduct. Id. ¶ 10. Following its investigation, the Army punished him under article 15 of the Uniform Code of Military Justice and convened a board of inquiry. Id. ¶¶ 11, 13. The board recommended that the Army keep Mr. Awdykowyz on active duty despite his misconduct. Id. ¶¶ 13–15.

In 2012, Mr. Awdykowyz asked to retire. Id. ¶ 18. Shortly thereafter, in early 2013, the Army Grade Determination Review Board ("AGDRB") reviewed his service record and determined that the highest grade in which he satisfactorily served—and the rank at which he should be retired—was captain (0-3E). Id. ¶¶ 19–21. He retired under honorable conditions at that rank on December 1, 2013. Id. ¶¶ 7, 18.

Mr. Awdykowyz appealed the grade-determination decision to the Army Board for Correction of Military Records. Id. ¶ 22. It denied his appeal in 2014. Id. ¶ 23.

## II.    This Action

Mr. Awdykowyz filed his complaint in October 2024, more than ten years after he retired. See Compl. ¶¶ 7, 18. He argues that AGDRB violated its procedures because it did not afford him enough time to submit written materials to the board before it reviewed his case and recommended that the Army retire him at a lower rank. Id. ¶¶ 19–21, 25. Mr. Awdykowyz also alleges that the AGDRB violated regulations outlining when it may determine that a service member's performance in a grade was unsatisfactory. Id. ¶¶ 28–30.

In December 2024, the government filed a motion to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). See Def.'s Mot. to Dismiss Pl.'s Compl. ("Def.'s Mot."), ECF No. 7. The government argues that the six-year limitations period set forth in 28 U.S.C. § 2501 bars Mr. Awdykowyz's lawsuit. Id. at 3–4.

Last month, Mr. Awdykowyz asked for extra time to respond to the government's motion. See Pl.'s Mot. for Enlargement of Time, ECF No. 8. The Court granted Mr. Awdykowyz's request and extended the deadline for his response to January 28, 2025. Order, ECF No. 9. Mr. Awdykowyz has not filed his response as of the date of this opinion.

The Court has reviewed the government's motion to dismiss and decided that an oral argument on the motion is unnecessary.

**DISCUSSION**

The government argues that Mr. Awdykowyz filed his complaint too late. Def.'s Mot. at 3–4. It notes that plaintiffs have six years after a claim accrues to bring that claim before this Court. Id. at 3; see also 28 U.S.C. § 2501. According to the government, "Mr. Awdykowyz's claim accrued upon his discharge from the Army on December 1, 2013." Def.'s Mot. at 4. The six-year period for filing this lawsuit therefore ended in 2019, the government says, almost five years before Mr. Awdykowyz commenced his action. Id.

Whether this Court has subject-matter jurisdiction over a case is a "threshold matter." Estes Express Lines v. United States, 123 Fed. Cl. 538, 544 (2015) (quoting Copar Pumice Co. v. United States, 112 Fed. Cl. 515, 527 (2013)). The burden of establishing subject-matter jurisdiction falls on the plaintiff. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). He must satisfy the burden by a preponderance of the evidence. Id.

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts all undisputed facts as true and "draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, 659 F.3d at 1163. If the Court determines that it lacks subject-matter jurisdiction, it must order dismissal without proceeding further. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998); RCFC 12(h)(3).

The statute of limitations is a "jurisdictional requirement" and "must be strictly construed." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576–77 (Fed. Cir. 1988). It provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501.

A claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." Chambers v. United States, 417 F.3d 1218, 1223 (Fed. Cir. 2005) (quoting Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003)). That point is reached once underlying events "fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." Id. (quoting Martinez, 333 F.3d at 1303).

Here, Mr. Awdykowyz principally challenges the AGDRB's recommendation that the Army retire him at a lower rank. See Compl. ¶¶ 25–30. The Army's grade determination became "administratively final on the day [he was] retired." 10 U.S.C. § 1370(f)(1). At that point, Mr. Awdykowyz could have filed his lawsuit in this Court. See Spellissy v. United States, 103 Fed. Cl. 274, 282–85 (2012) (explaining that service members may challenge the procedures of a grade-determination board in the Court of Federal Claims). As noted, however, Mr. Awdykowyz did not file his claim within six years of his retirement, and it is therefore time-barred.[1]

_____

[1] Mr. Awdykowyz also appears to question the decision of the Army Board for Correction of Military Records to deny his appeal, see Compl. ¶¶ 22–24, and he asks this Court to remand his appeal to the correction board, Compl. at 9. As the government points out, however, in cases like this one, "correction board decisions ordinarily 'ha[ve] no impact' on claim accrual," and Mr. Awdykowyz's claim concerning his grade determination remains untimely. Def.'s Mot. at 3–4

**CONCLUSION**

For the reasons set forth above, the government's motion to dismiss Mr. Awdykowyz's complaint for lack of subject-matter jurisdiction, ECF No. 7, is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge

---

(alteration in original) (quoting Strand v. United States, 171 Fed. Cl. 483, 490 (2024)). Moreover, Mr. Awdykowyz apparently did not raise with the correction board the AGDRB's alleged failure to provide him sufficient time to submit written materials. See Compl. ¶¶ 22–23. Assuming that is true, Mr. Awdykowyz waived his ability to contest the correction board's decision on the basis of the AGDRB's alleged error. See Metz v. United States, 466 F.3d 991, 999 (Fed. Cir. 2006) (concluding that the plaintiff waived his claim because he failed to assert it earlier in his petitions to the correction board). At any rate, even if Mr. Awdykowyz had some ability to challenge the correction board's 2014 decision denying his appeal, the statute of limitations foreclosed such a challenge in 2020.